UNITED AUTOGRAPHIC REGISTER COMPANY, PETITIONER, v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30384. Promulgated December 23, 1932.

*Edward B. Lucius, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

### OPINION.

TRAMMELL: This proceeding is for the redetermination of a deficiency in income tax of $3,582.68 for 1922. The only question presented for our determination is the correctness of the respondent's action in disallowing a deduction of $13,000 taken by the petitioner as a loss sustained on the liquidation and dissolution of the Autographic Register Company of San Francisco, all of whose stock was owned by the petitioner. The other issue raised by the petition has been waived by the petitioner.

The proceeding was submitted on a stipulation of facts, the pertinent portions of which are as follows:

The petitioner on or about May 16, 1922, purchased 199 shares of the capital stock of the Autographic Register Company of San Francisco, being all the shares, from persons not stockholders of petitioner corporation for the sum of $18,000.00. In December of 1922 the Autographic Register Company of San Francisco was liquidated and dissolved and the corporate enterprise abandoned. Total assets of the company, minus an item of good will and advertising expense listed on said books at $10,571.02, consisted of cash, accounts receivable, merchandise, inventory, machinery and fixtures, and had a full, fair, cash market value of $5,000.00 on December 30, 1922, the date of liquidation of said company. The balance sheet of the Autographic Register Company of San Francisco, attached to its income tax return for the year 1922 showed net tangibles of $10,573.76 and good will of $10,571.02. Thereupon a bill of sale was executed by the liquidating company to the petitioner for all of the assets except good will so listed as aforesaid, and payment was made by the petitioner to the Autographic Register Company in the amount of $5,000.00. This was thereupon distributed as a liquidating dividend to the petitioner corporation and its nominees as sole stockholders thereof. Copies of the minutes of the special meeting of the stockholders of December 21, 1922, and of the special meeting of the Board of Directors of December 30, 1922, containing the resolutions providing for the liquidation of the company, and of the bill of sale are attached hereto, and shall have the effect of original documents. The Autographic Register Company of San Francisco was thereupon dissolved and its corporate franchise abandoned.

Petitioner held the stock of the Autographic Register Company of San Francisco over a period of approximately seven and one-half months before the liquidation of that company. The petitioner had had no transactions or inter-company relations with the Autographic Register Company prior to the purchase of the stock, nor were any inter-company operating transactions or any other transactions had between the petitioner and the Autographic Register Company of San Francisco at any time after the purchase of said stock. The Autographic Register Company was operated entirely independent of the

petitioner and there were no inter-company accounts whatsoever. Separate returns of income taxes were filed by the petitioner and by the liquidating company and there was no interchange of accounts or assets in any way by reason of which any income of either company was added to or subtracted from for the benefit of the other company. The petitioner received no physical return upon the purchase other than the liquidating dividend above recited, which was $13,000 less than the amount previously paid for the stock. The liquidating company was a small company selling locally in the State of California. Its net income for the year 1922 was $3,199.60 as reported in its income tax return. The name of the company was in no way retained by the petitioner upon liquidation of the Autographic Register Company of San Francisco, but was lost upon its liquidation. The loss claimed by the petitioner represents the difference between the amount paid for the stock of the Autographic Register Company of San Francisco and the amount received as a liquidating dividend.

In its income tax return for 1922 the petitioner took a deduction of $13,000 as a loss sustained on the above mentioned transaction representing the difference between $18,000, the amount it paid for the stock of the Autographic Register Company of San Francisco, and $5,000 representing the amount received upon liquidation and dissolution of that company. In determining the deficiency here involved the respondent disallowed the deduction thus taken.

The petitioner contends that, having paid $18,000 for the stock of the Autographic Register Company of San Francisco and having received only $5,000 upon the liquidation and dissolution of the company, it sustained a loss of $13,000 which is an allowable deduction in determining its net income.

The respondent contends that in acquiring all of the stock of the company in May, 1922, the petitioner acquired its corporate structure, its good will and the assets of a going concern; that after the liquidation and dissolution of the company in December, 1922, the petitioner had everything it had acquired in May and that consequently the petitioner never sustained any allowable loss.

In support of his contention the respondent urges that the transaction by which the petitioner acquired the tangible properties of the company for $5,000 was not an arm's-length transaction and that strangers could not have acquired these properties and an agreement to discontinue business for the amount paid by the petitioner. While the parties have stipulated that the net tangibles of the company appear in its balance sheet at $10,573.76, they have also stipulated that the "full, fair, cash market value" of such assets on December 30, 1922, the time at which the petitioner acquired them, was $5,000. The petitioner thus paid full value for the assets, consisting of tangible assets and accounts receivable.

The respondent urges that there is no evidence in the case that the Autographic Register Company of San Francisco was ever legally

dissolved. In this connection the parties have specifically stipulated that "In December of 1922 the Autographic Register Company of San Francisco was liquidated and dissolved and the corporate enterprise abandoned." In view of this stipulation of the parties further comment on this contention of the respondent is unnecessary.

The respondent states as a fact in his brief that the liquidated company had been a competitor of the petitioner and implies that the petitioner was merely buying out a competitor for the benefit of its own business. We find nothing in the record to support this statement. The pleadings show that the petitioner is an Illinois corporation, with its principal office and place of business at Chicago. The stipulated facts show that the liquidated company was a small company selling locally in the State of California. There is nothing to show that the corporations were competitors. The inference to be drawn from the record is against the respondent's statement.

The respondent's brief contains the statement that the liquidated company had a good will worth $10,571.02. The petitioner contends that the liquidated company did not have any good will of value. While the stipulated facts show that the company listed good will and advertising expense on its books at $10,571.02 and showed good will in its balance sheet at that amount, we find nothing else in the record to indicate that the company had any good will, or, if it did, what the value was. While the stipulated facts indicate that in 1922 the company earned a net income of $3,199.60 with tangible assets which had a value of only $5,000 at the end of the year, we are not warranted, in the absence of evidence, in concluding that the earnings in excess of a fair return on tangibles at the end of the year are to be attributed to good will. The tangible assets may have had a very much greater value throughout most of the year. So far as the record discloses, the tangible assets and accounts receivable at the beginning of the year and at the time petitioner acquired the stock might have been worth at least the amount paid for the stock. The acquisition of the stock and the liquidation of the corporation in this case occurred in a year when consolidated returns were not required, and no such return was filed. The earnings may have been due to favorable contracts which had expired or they might have been due to facts and conditions existing in the first part of the year before petitioner acquired the stock, which had no relation to good will, or other factors aside from good will might have produced the income. From the stipulated facts, it appears in any event that what was distributed to petitioner on liquidation and dissolution of the California corporation was the $5,000 in cash which petitioner had paid in to that corporation for its tangible assets and accounts receivable when it took them over. This being

true, and the petitioner having paid $18,000 for stock, and on liquidation and dissolution having received $5,000, it sustained a loss of $13,000.

The liquidation of a subsidiary by the parent company during the taxable year being a transaction in which possible gain or loss is recognizable, we think, from a consideration of the facts in the case, that the petitioner is entitled to the deduction of $13,000 taken by it. *Riggs National Bank*, 17 B. T. A. 615; affd., 57 Fed. (2d) 980; *Canal-Commercial National Bank*, 22 B. T. A. 541.

*Judgment will be entered under Rule 50.*